UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald A. Braun,

        Plaintiff,

v.

Internal Revenue Service, Susan
Meredith, and John Does x through 4999,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 05-932 ADM/AJB

___

Ronald A. Braun, <u>pro se</u>.

LaQuita Taylor-Phillips, Esq., U.S. Department of Justice, Tax Division, Washington, D.C., on behalf of Defendants.

___

## I. INTRODUCTION

    This matter is before the undersigned United States District Judge on the Internal Revenue Service ("IRS"), Susan Meredith ("Meredith") and John Does x through 4999's (collectively "Defendants") Motion to Dismiss [Docket No. 3]. Ronald A. Braun's ("Braun" or "Plaintiff") self-styled Complaint [Docket No. 1] seeks to recover property he claims was wrongly taken by the IRS. Braun also filed a "Motion to Dismiss" [Docket No. 9] arguing Defendants' Motion to Dismiss should be stricken for improperly identifying him in its caption. For the reasons set forth below, Defendants' Motion to Dismiss is granted and Plaintiff's Motion to Dismiss is denied.

## II. BACKGROUND

    Plaintiff provides virtually no detail about the events giving rise to this litigation. He does not allege the amount of taxes at issue, in which years the taxes occurred or the manner in which he was deprived of property. It is also difficult to discern from Plaintiff's Complaint and

accompanying submission what causes of action he seeks to pursue.  The Complaint states that it is an action "for recovery of property and money judgment."  Compl. ¶ 2.

His first claim is labeled "Trespass" and alleges Defendants arbitrarily and capriciously deprived him of "money earned working at North West [sic] Airlines" and "took half of [his] Social Security benefits" without a jury trial.  Id. ¶ 6.  He claims the asset forfeiture provisions of the tax code violate the Constitutional prohibition against Bills of Attainder because they do not provide a jury trial.  Id.  Plaintiff also alleges he warned Defendants to return his property but they have failed to do so.  Id. ¶ 8.  Based on these allegations, it appears Plaintiff is attempting to commence a suit for a refund of tax or a wrongful levy action.

The Complaint also alleges Defendants deprived him of "due process under the Fifth Amendment" and "property under color of law."  Id. ¶¶ 5, 12.  For these violations, Plaintiff seeks money damages.  Id. ¶ 13.  The Court construes this language as an attempt to allege a Bivens claim.

Plaintiff's second claim alleges "Fraud" based on an allegation that the IRS's files incorrectly indicate he once owned a business in the Virgin Islands.  Id. ¶ 9.  His third claim, entitled "Default," argues the IRS failed to rebut statements contained in affidavits filed by Plaintiff in lieu of Form 1040s.  Id. ¶ 10.  In his final claim, Plaintiff charges Defendants with "Breach of Contract."  Id. ¶¶ 11-12.  He claims they violated their oaths of office by performing acts under color of law that violated the Constitution.  Id.

## III. DISCUSSION

A. **Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

B. **Constitutional Claim**

At the heart of Plaintiff's claims is the contention that federal "asset forfeiture provisions" exceed the Constitutional prohibition against Bills of Attainder because they do not provide for judicial proceedings. U.S. Const. art. I, § 9, cl. 3. Plaintiff does not identify which specific provision he is challenging.

Similar claims have been held frivolous. Bills of Attainder are "legislative acts, no matter what their form, that apply either to named individuals, or to easily identifiable members of a group in such a way as to inflict punishment on them without judicial trial." United States v. Brown, 381 U.S. 437, 448-49 (1965). First, the asset forfeiture provisions do not apply to a named individual or to easily identifiable members of a group but are generally applicable to all

taxpayers. Second, the intent of the provisions is not to inflict punishment but to pursue the legitimate function of collecting internal revenue. See Selective Service Sys. v. Minnesota Public Interest Research Group, 486 U.S. 841, 852 (1984); Cheatham v. United States, 92 U.S. 85, 89 (1876). Ultimately, Plaintiff's argument that asset forfeiture provisions are unconstitutional because they permit a seizure of property without prior judicial proceedings has been repeatedly and overwhelmingly rejected. See, e.g., Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 595 (1931); Fuenters v. Shelvin, 407 U.S. 67, 90-92 (1972); United States v. Pilla, 550 F.2d 1085, 1092 (8th Cir.) cert. denied 432 U.S. 907 (1977); Ginter v. Southern, 611 F.2d 1226, 1228 (8th Cir. 1979). As the Supreme Court has stated, where "adequate opportunity is afforded for a later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to the government has been consistently sustained." Phillips v. Comm. of Internal Revenue, 283 U.S. at 595. For reasons discussed more thoroughly below, the Internal Revenue Code provides adequate remedial mechanisms for administrative and judicial review of contested pecuniary obligations. Therefore, Plaintiff's constitutional claim must be dismissed.

**C.     Refund Suit**

Plaintiff's tax refund suit must be dismissed for lack of subject matter jurisdiction. Although 28 U.S.C. § 1346(a)(1) permits suits against the United States for federal tax refunds, a plaintiff may not file such a suit in district court until available administrative remedies are exhausted. United States v. Felt & Tarant Mfg. Co., 283 U.S. 269, 270-72 (1931). The Internal Revenue Code explicitly states that "[n]o suit [for refund] . . . shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary, according to

the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a); see Felt & Tarant Mfg. Co., 283 U.S. at 270-72.  Also, the amount of tax in controversy must first be paid.  Flora v. United States, 362 U.S. 145 (1960).  A district court lacks subject matter jurisdiction over a refund action if the taxpayer fails to file an administrative claim for refund with the IRS or fails to make full payment of the tax assessment.  See, e.g., Kaffenberger v. United States, 314 F.3d 944, 958 (8th Cir. 2003); Ahmed v. United States, 1997 WL 151974, at *2 (D. Minn. Jan. 6, 1997).

Plaintiff fails to allege he paid the tax in full for any year or he filed an administrative claim for a refund for that year.  Indeed, Plaintiff does not even specify what year or years are at issue in the present suit.  Consequently, he has not exhausted his administrative remedies and his refund action must be dismissed for lack of jurisdiction.

**D.     Wrongful Levy Action**

Plaintiff's wrongful levy action must also be dismissed for lack of subject matter jurisdiction.  Section 7426(a)(1) of the Internal Revenue Code permits civil actions against the United States for wrongful levy.  However, the provision explicitly excludes the taxpayer from bringing such a suit.  I.R.C. § 7426(a)(1) (permitting "any person" to bring a wrongful levy action "other than the person against whom is assessed the tax out of which such levy arose"); see also Miller v. Tony Susan Alamo Foundation, 134 F.3d 910, 915 (8th Cir. 1998); O'Hagan v. United States, 86 F.3d 776, 779 (8th Cir. 1996).  Based on Plaintiff's statement that he was "deprived" of money he earned at Northwest Airlines and his social security benefits, he is the taxpayer.  Consequently, the plain language of the provision precludes him from bringing a wrongful levy action.

5

**E.     Fraud, Default and Breach of Contract Claims**

It is well established that suits seeking damages against the IRS or IRS employees in their official capacities are suits against the United States. Searcy v. Donelson, 204 F.3d 797, 798 (8th Cir. 2000); Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998). Under the doctrine of sovereign immunity, the United States may not be sued without its consent. See, e.g., United States v. Sherwood, 312 U.S. 584, 586-87 (1941). A waiver of sovereign immunity must be "unequivocally expressed," not implied, and waivers are to be contrued "strictly in favor of the sovereign." United States v. Mitchell, 445 U.S. 535, 538 (1980); Library of Congress v. Shaw, 478 U.S. 310, 315 (1986) (citations omitted). In the absence of an express waiver by Congress, Courts have no jurisdiction to entertain suits against the United States. See Sherwood, 312 U.S. at 587-88.

Plaintiff has not alleged, nor is the Court aware of, any statutory law permitting him to sue the United States for his alleged claims of "fraud," "default," or "breach of contract." Therefore, these claims are barred by the doctrine of sovereign immunity and must be dismissed for lack of jurisdiction.

**F.     Bivens Claim**

Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, damages actions can be brought against federal employees in their individual capacities for constitutional violations. 403 U.S. 388 (1971). However, a Bivens action is not permitted "[w]hen the design of a Government program suggests Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration . . . ." Schweiker v. Chilicky, 487 U.S. 412, 423 (1988). The Eighth Circuit has found that the Internal

Revenue Code is the sole remedy for allegations of misconduct by IRS employees with respect to tax collection and assessment. See, e.g., Vennes v. An Unknown Number of Unidentified Agents of the United States, 26 F.3d 1448, 1454 (8th Cir. 1994).

In the instant action, Section 7422 of the Internal Revenue Code permits Plaintiff to sue the United States for a refund of the taxes at issue in this case. Although the provision requires Plaintiff first exhaust his administrative remedies, it is an adequate remedial mechanism. Therefore, Plaintiff's Bivens claim must be dismissed for failure to state a claim upon which relief may be granted.[1]

### G. Plaintiff's Motion to Dismiss

In lieu of a response to Defendants' Brief in Support of Motion to Dismiss [Docket No. 5], Plaintiff filed a self-styled Motion to Dismiss. In Plaintiff's Motion, he contends Defendants' Motion to Dismiss should itself be dismissed for improperly identifying him in its caption. Braun argues that, by capitalizing the letters of his name, "RONALD A. BRAUN," in the caption, a Legal Fiction has been created and he is not properly identified by his actual name, "Ronald A. Braun." Plaintiff's Motion to Dismiss is denied as spurious.

---

[1] Plaintiff's claims against Meredith may also be dismissed for insufficient service of process. See Fed. R. Civ. P. 4(m), 12(b)(5); see also Gabriel v. United States, 30 F.3d 75, 77 (7th Cir, 1994); Francisco v. Schmidt, 532 F. Supp. 850, 852 (E.D. Wis. 1982). Despite Plaintiff's pro se status, he must still properly effect service. Plaintiff failed to serve Meredith with a copy of the a summons and the Complaint within 120 days of filing his Complaint. See Fed. R. Civ. P. 4(i)(2)(A), (B).

7

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 3] is **GRANTED**; and

2. Plaintiff's Motion to Dismiss [Docket No. 9] is **DENIED**; and

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 9, 2005.